**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CAMELLIA LABARR**, <br> *Plaintiff,* <br><br>     **v.** <br><br> **CONVERGENT OUTSOURCING, INC.,** <br> *Defendant*. | **CIVIL ACTION NO. 2:21-cv-03849** |

<u>**MEMORANDUM OF LAW**</u>

Baylson, J.                                                                                      May 18, 2022

## I.    <u>INTRODUCTION</u>

Defendant's Motion for Judgment on the Pleadings seeks full dismissal of this action.  In her Complaint, Plaintiff alleges Defendant caused two misrepresentations to appear on her credit report: (i) the existence of an open account between Plaintiff and Defendant and (ii) the age of Plaintiff's consumer credit account with Sprint.  For the reasons set forth below, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

## II.    <u>PROCEDURAL HISTORY</u>

Plaintiff Camellia Labarr ("Plaintiff") initiated this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C § 1692, (the "FDCPA") on August 29, 2021.  ECF 1 ¶ 1. ("Compl.").   Defendant Convergent Outsourcing, Inc. ("Defendant") filed an Answer and Affirmative Defenses on November 8, 2021.  ECF 4.

On December 16, 2021, Defendant filed a Motion for Judgment on the Pleadings.  ECF 11 ("Def. Mot." or "Mot.").  Plaintiff filed her Response in Opposition to Defendant's Motion three times on January 8, 2022.  <u>See</u> ECF Nos. 14–16.  The Court considers ECF 15 as Plaintiff's operable response brief and cites ECF 15 in this Memorandum. ("Pl. Resp.").  On January 14, 2022, Defendant filed its Reply in Support of its Motion.  ECF 18 ("Def. Rep.").

On April 7, 2022, this Court ordered Plaintiff to file a supplemental brief in which Plaintiff was limited to responding to five questions posited by the Court. ECF 19 ¶¶ 1–5. The April 7th Order also granted Plaintiff "leave to file a motion to file an amended complaint within fourteen (14) days of" April 7, 2022. ECF 19 ¶ 6. Plaintiff filed her supplemental brief twice (ECF Nos. 20–21) on April 16, 2022, but the Court considers ECF 20 as Plaintiff's operable supplemental brief. ECF 20 ("Pl. Supp."). Four days later, on April 20, 2022, Plaintiff filed an Amended Complaint despite the fact that Plaintiff never filed a motion for leave to file an amended complaint in compliance with this Court's April 7th Order. ECF 22 ("Am. Compl."). On April 27, 2022, Defendant filed its reply in opposition to Plaintiff's Supplemental Brief. ECF 25 ("Def. Supp."). The Court has reviewed and considered all briefs and pleadings related to this Motion.

## III. RELEVANT FACTUAL ALLEGATIONS

The following facts are taken from the Complaint and are accepted as true for purposes of the pending motion. FED. R. CIV. P. 12(b)(c); Zimmerman v. Corbett, 873 F.3d 414, 417–18 (3d Cir. 2017) ("In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party.").

Plaintiff alleges she had a consumer credit account with Sprint which Plaintiff defaulted on sometime between 2016 and 2017; at that time, Plaintiff's account with Sprint was closed. Compl. ¶¶ 11–13; 28. In September 2019, at the direction of Sprint, Defendant, a consumer debt collection company, began the debt collection process to collect Plaintiff's debt she owed to Sprint. Compl. ¶¶ 14, 16.

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e when Defendant caused incorrect information—regarding who Plaintiff had an account with and the date upon which her defaulted

Sprint account was opened—to appear on Plaintiff's Experian[1] credit report.  Compl. ¶¶ 18–21, 27.  Specifically, Plaintiff alleges she never opened or maintained any credit accounts with Defendant (Compl. ¶¶ 18–21) and that Plaintiff's account with Sprint was mis-aged as it was opened in 2016, not September 2019.  Compl. ¶ 27.  As a result of the allegedly misrepresented age of Plaintiff's Sprint account, Plaintiff avers Defendant made her account "appear significantly younger . . . than it really was."  Compl. ¶ 29.  Plaintiff alleges the age of her Sprint account is important because it can affect her credit score and creditworthiness.  Compl. ¶ 30.

## IV.   PARTIES' CONTENTIONS

### A.    Defendant's Arguments in Support of Judgment on the Pleadings

Defendant moves for judgment on the pleadings pursuant to FED. R. CIV. P 12(c).  Mot. at 1.  Defendant argues it was not a misrepresentation to say Defendant had an account with Plaintiff because Plaintiff's Experian credit report shows the account Defendant "opened" with Plaintiff was a "collection" account, not a consumer credit account such as the one Plaintiff shared with Sprint.  Def. Mot. at 6.  In September 2019, when Sprint authorized Defendant to begin collecting the debt Plaintiff admittedly owed to Sprint, Defendant was authorized to open a collections account with Plaintiff to facilitate that debt collection process.  Def. Mot. at 6.

Defendant also argues the age of the account in question was not misrepresented because Plaintiff's Experian credit report identifies September 2019 as the date upon which ***Defendant, not Sprint***, opened its collections account with Plaintiff.  Def. Mot. at 6–7.  Indeed, Defendant contends this distinction between Defendant's account with Plaintiff (beginning in 2019) and Sprint's account with Plaintiff (dating back to 2016 and 2017) is clear on the face of Plaintiff's Experian credit report because the Payment History section of the report reads, "[p]er conversation

---

[1] Experian is a consumer credit reporting company.

with client 8-12-21 account became delinquent end of 2016 to beginning 2017." Def. Mot. at 6–7 (citing Def. Answer & Affirmative Defenses, Exhibit 2 [ECF 7–2], Plaintiff's Experian Credit Report as of July 23, 2021 [hereinafter referred to as the "Report"]).

**B.      Plaintiff's Arguments in Opposition to Judgment on the Pleadings**

Plaintiff argues her Complaint sufficiently states a cause of action upon which relief can be granted because she alleges Defendant "created a derogatory entry on Plaintiff's credit report" regarding the date Plaintiff's account was opened, and this "practice of re-aging" the account negatively affected Plaintiff's credit score.  Pl. Resp. at 4–5.

In response to the Court's inquiry regarding Plaintiff's position on the Report's Payment History note, Plaintiff contends the note was "typed in [to Plaintiff's Experian credit report] by Plaintiff's attorney at or near a phone call between Plaintiff and her counsel."[2]  Pl. Supp. Br. at 3. Plaintiff also contends her counsel then provided that version—the version containing Plaintiff's counsel's typeface manipulation—of Plaintiff's Experian credit report to Defense counsel during initial discovery.  Pl. Supp. Br. at 3.  The Court will not base its decision on this very unusual conduct by Plaintiff's counsel.

**V.      <u>LEGAL STANDARD</u>**

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A motion for a judgment on the pleadings, based on the contention that the plaintiff failed to state a claim upon

---

[2] Defendant argues that even absent Plaintiff's counsel's manipulation of the face of the Report, Defendant is still entitled to judgment on the pleadings because other areas of the Report indicate Defendant made no misrepresentations about Plaintiff's account with Sprint.  <u>See</u> Report at 5 of 30 (identifying the account at issue as a collections account); <u>see also</u> Report at 5 of 30 (arguing the "On Record Until" date of March 2024 reinforces the fact that Defendant was collecting Plaintiff's debts she owed to Sprint from 2017 because 2017 is seven years—the time-period in which 15 U.S.C. § 1681c(a)(4) permits collections companies to collect debt—before 2024.

which relief can be granted, is analyzed "under the same standard[] that appl[ies] to a Rule 12(b)(6) motion." Revell v. Port Auth. of New York, New Jersey, 598 F.3d 128, 134 (3d Cir. 2010). Therefore, the Court must view the facts presented in the light most favorable to the nonmoving party. Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019). And, and entry of judgment on the pleadings is only appropriate where "the movant clearly establishes there are no material issues of fact, and that he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

Because the analysis of a judgment on the pleadings tracks that of the analysis undertaken to decide a Rule 12(b)(6) motion, this Court may look to the Supreme Court's two–part test to determine whether an entry of a judgment on the pleadings is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Wolfington v. Reconstructive Orthopaedic Assocs. II, P.C., 268 F. Supp. 3d 756, 760 (E.D. Pa. 2016) (internal citations omitted), aff'd sub nom. Wolfington, 935 F.3d at 206 this Court stated,

> First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. 'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' In turn, these factual allegations must be sufficient to provide a defendant the type of notice contemplated in Rule 8.
>
> Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is 'plausibly' entitled to relief. That is, the pleadings must contain enough factual content to allow a court to make 'a reasonable inference that the defendant is liable for the misconduct alleged.' In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim 'across the line from conceivable to plausible.'

**VI.**    **<u>DISCUSSION</u>**

**A.**    **Fair Debt Collection Practices Act**

Congress enacted the Fair Debt Collection Practices Act (F.D.C.P.A.), codified at 15 U.S.C. 1692, to protect consumers from debt collector abuse, deception, and unfair debt collection practices.  <u>See</u> <u>Heintz v. Jenkins</u>, 514 U.S. 291, 292–293 (1995) (Identifying the utility of the F.D.C.P.A. as a statute that sets forth rules a debt collector must follow to acquire location information about the debtor, rules concerning communications with third parties about the debtor and his debts, and rules that impose civil liability on debt collectors who harass, mislead, or treat debtors unfairly).  The F.D.C.P.A. was not created to be weaponized by debtors to evade lawful debt collection practices.

**B.**    **15 U.S.C. § 1692e**

Plaintiff brought her primary claim of liability—for false and misleading communications related to the collection of consumer debt—pursuant to 15 U.S.C. § 1692e which provides, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; Compl. ¶¶ 7–33.  Plaintiff also averred Defendant's conduct violated 15 U.S.C. § 1692 "subsections (d), (e), and (f)."[3] Compl. ¶ 33.[4]

---

[3] 15 U.S.C. § 1692d provides, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

15 U.S.C. § 1692f provides, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

[4] When asked what factual allegations in her Complaint support Plaintiff's allegation that Defendant's conduct violated § 1692d, Plaintiff responded, "Plaintiff is not aware that a violation of 15 U.S.C. [§] 1692d was alleged in the Complaint."  Pl. Supp. Br. at 2.

Plaintiff's claims are unsupported by well-pleaded factual allegations that could plausibly entitle Plaintiff to relief. The following facts are undisputed: Plaintiff defaulted on her consumer credit account with Sprint. Compl. ¶¶ 11–13; Pl. Resp. at 1. Due to Plaintiff's default, Sprint closed its consumer credit account with Plaintiff sometime in 2016–2017. Compl. ¶¶ 13; see also Pl. Resp. at 1 ("It is also undisputed that the [Sprint] account was declared by Sprint to be in arrears between 2016 and 2017 and was closed during such time."). On September 17, 2019, Sprint placed its account with Plaintiff for collection by Defendant. Compl. ¶ 14; see also Pl. Resp. at 4 ("Plaintiff's alleged original creditor, Sprint, placed Plaintiff's delinquent account for collection with [Defendant] on September 17, 2019."). Plaintiff's Experian credit report[5] states an account in ***Defendant's name, not in Sprint's name***, was opened on September 17, 2019, the same date the parties agree Sprint authorized Defendant to begin collecting Plaintiff's consumer credit debts she owed to Sprint. See Report[6] at 5 of 30 ("Date Opened: 09/17/2019").

It is likewise undisputed that Plaintiff's Report identifies Defendant's account with Plaintiff as a ***collection*** account, unlike Plaintiff's account with Sprint which was a consumer credit account. Report at 5 of 30 ("Account Type: Collection"); Compare Compl. ¶ 11 ("Plaintiff had a consumer credit account with Sprint.") with Compl. ¶ 16 ("At no time has Plaintiff had any

---

[5] Plaintiff alleges Experian, a non-party, issued a credit report that erroneously stated Plaintiff owed a debt to Defendant, rather than to Sprint, and that the age of the erroneous debt was incorrect. Compl. ¶¶ 24–27.

[6] Plaintiff also attaches an identical version of her Experian credit report, with her counsel's typeface note included, to her Response brief. ECF 15, Ex. 2. Because Plaintiff's exhibit is identical to Defendant's exhibit that was attached to Defendant's Answer and Affirmative Defenses (ECF 7), the Court will continue to cite to Defendant's exhibit for continuity of citation. See Wolfington, 935 F.3d at 195 (3d Cir. 2019) (citations omitted) ("[I]n deciding a motion for judgment on the pleadings, a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'").

personal credit accounts with Defendant.").  Plaintiff's Report also states Plaintiff's original creditor, for whom Defendant initiated the collection account at issue, was Sprint.  Report at 8 of 30 ("Original Creditor: Sprint").

Plaintiff failed to provide any well-pleaded factual allegations to support her claim that Defendant's collection of Plaintiff's debt caused misrepresentations to appear on Plaintiff's Experian credit report.  To the contrary, the parties' undisputed facts are consistent with routine debt collection processes.

### 1.   Alleged Misrepresentation of Account Name

 Plaintiff argues her Experian credit report contains a misrepresentation because Plaintiff never "had any accounts open with Defendant."  Compl. ¶ 18.  Plaintiff's argument is a non-sequitur because a consumer need not open a credit account with a debt collector to initiate the credit relationship between a debt collector and a consumer debtor.  A consumer debtor, such as Plaintiff, need not expressly authorize a debt collector to begin collecting her debts.  If that was so—that a consumer debtor's express permission was required before lawful debt collection could be initiated—it is difficult to imagine an instance in which the consumer debtor would ever willingly authorize a collector to begin collecting the consumer's debts.

Here, Plaintiff admittedly opened a consumer credit account with Sprint (Compl. ¶ 11), and Plaintiff admittedly defaulted on that consumer credit account.  Compl. ¶ 13.  As a result of Plaintiff's default, Sprint closed its account with Plaintiff (Compl. ¶ 28) and Plaintiff admits ***Sprint authorized Defendant*** to begin collecting Plaintiff's debts.  Compl. ¶ 14.  Defendant then opened a ***collections account*** with Plaintiff to retrieve the debts it was authorized by Sprint to collect from Plaintiff.  Compl. ¶ 14.  Sprint is listed as Plaintiff's original creditor (Repot at 8 of 30), and Defendant's account with Plaintiff is clearly identified as a collection account, not a consumer

credit account.  Report at 5 of 30.   Therefore, Plaintiff failed to provide any well pleaded factual

that any portion of Defendant's debt collection was unlawful or caused a misrepresentation

regarding the ownership of Plaintiff's account to appear on her Experian credit in violation of the

F.D.C.P.A.

2.   <u>Alleged Misrepresentation of Account Age</u>

Plaintiff likewise failed to provide any well pleaded factual allegations that Defendant

caused a misrepresentation regarding the age of Plaintiff's Sprint account.   The alleged

misrepresentation, the "Date Opened" section of Plaintiff's Experian credit report concerns the

date upon which ***Defendant's collection account*** was opened with Plaintiff, not the date upon

which Plaintiff's consumer credit report with Sprint was opened.  It is clear on the face of the

Report that the "Date Opened" section, reading "09/17/2019", pertains to Defendant's collection

account because it is located within the "Convergent Outsourcing Account Info" section of

Plaintiff's Report.  See Report at 5 of 30.  The "Account Info" section clearly states the:

- Account Name: Convergent Outsourcing;

- Account Type: Collection;

- Date Opened: 09/17/2019;

- Status: Collection account; and

- On Record Until: Mar[.] 2024.

Report at 5 of 30.  Even without Plaintiff's counsel's manipulation of the Report in the Payment

History section, the Account Info section clearly shows the date the account was opened coincides

with the undisputed date upon which Sprint authorized Defendant to initiate collecting Plaintiff's

debts she owed to Sprint.  Plaintiff has failed to supply any factual reason that supports Plaintiff's

allegation that this representation—of the date upon which Defendant's authorized collection

9

account with Plaintiff was opened—is inaccurate nor has Plaintiff supplied any statutory language or jurisprudence to support her claim that this representation is unlawful.

### C.    15 U.S.C. § 1692d

In addition to 1692e, Plaintiff alleged Defendant's "conduct violate[d] 15 U.S.C. § 1692 . . . subsections (d) [and] (f)."  Compl. ¶ 33.  15 U.S.C. § 1692d provides, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Plaintiff did not set forth any allegations that Defendant harassed or abused Plaintiff in violation of §1692d when it collected her Sprint debt.  Without any support, Plaintiff averred "Defendant engaged in conduct in an attempt to oppress and harass Plaintiff into paying an alleged debt."  Compl. ¶ 32.  But Plaintiff admits her debt was not "alleged" at all; Plaintiff admits she owed a debt to Sprint and that Sprint appointed Defendant to collect this debt.  Compl. ¶¶ 13–15; Pl. Resp. at 1.  Plaintiff failed to set forth any factual allegations in support of her threadbare claim that Defendant oppressed and harassed her.  Plaintiff also failed to make any argument regarding this claim in her Response brief.  See generally Pl. Resp.  Indeed, when asked what factual allegations in her Complaint supported Plaintiff's § 1692d claim, Plaintiff responded that she was "unaware [] a violation of 15 U.S.C. § 1692d was alleged in the Complaint."  Pl. Supp. Br. at 2.  For these reasons, Plaintiff failed to allege well pleaded factual allegations to support her 15 U.S.C. § 1692d claim.

### D.      15 U.S.C. § 1692f

Plaintiff also alleged Defendant violated 15 U.S.C. § 1692f[7], but again, Plaintiff failed to set forth any well pleaded, plausible, factual allegations that Defendant used unfair or unconscionable means to collect her Sprint debt.  Plaintiff's complaint is devoid of any allegations that Defendant's alleged misrepresentations to Experian were "unfair or unconscionable" nor did Plaintiff make any arguments in her Response brief regarding this claim of liability.  See generally Pl. Resp.  It is undisputed Plaintiff had a Sprint account (Compl. ¶ 11); defaulted on that Sprint account (Compl. ¶ 13); Sprint closed its account with Plaintiff (Compl. ¶ 28); Sprint authorized Defendant to collect its debt (Compl. ¶ 14); and Defendant began collecting the debt on the date Sprint authorized it to do so.  Compl. ¶¶ 14, 27.  Plaintiff's Experian credit report accurately reflects this sequence of events.  For these reasons, Plaintiff failed to set forth any well pleaded allegations to support her 15 U.S.C. § 1692f claim.

## VII.    CONCLUSION

For the reasons set forth above, Defendant's Motion for a Judgment on the Pleadings is **GRANTED**.  An appropriate Order follows.

O:\CIVIL 21\21-3849 Labarr v. Convergent Outsourcing, Inc\21cv3849 JMOL Memo.docx

---

[7] 15 U.S.C. § 1692f provides, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."